## T. M. ROBERTS V. STATE OF NEBRASKA.

[FILED JUNE 30, 1891.]

**Assault and Battery.** One R. was convicted of assault and battery committed upon one Mrs. W. *Held*, That the proof fails to sustain the charge.

ERROR to the district court for Burt county. Tried below before HOPEWELL, J.

*Osborn & Farnsworth*, and *N. J. Sheckell*, for plaintiff in error.

*William Leese, Attorney General, contra.*

MAXWELL, J.

The plaintiff in error was charged in an information with having committed an assault and battery upon one Belle White, and was sentenced to imprisonment in the county jail for the period of thirty days.

The testimony shows that one George A. Rover was the proprietor of a saloon in Tekamah, and that the plaintiff in error was bartender. The building is shown to have been 100 feet in length by 22 in width and fronts east on Main street in Tekamah. In addition to the front door there is a door on the north side of the building about fifty feet from the front, which latter door opens on an alley along which a walk has been laid to the street. There is also a door in the rear end of the building. On the day in which the assault is alleged to have been committed, W. M. White, the husband of the complaining witness, came from the depot and entered the saloon in question by the side door in the alley. The testimony tends to show that he had been at Blair, but whether he was just returning or not does not appear, although we are led to infer that he

had just returned from that place. He was somewhat intoxicated. He took a seat in the saloon and had been there but a very short time, before his wife, the complaining witness, entered by the front door. She asked her husband to go home. He seemed ready to go but wished to go out by the side door. This she objected to and insisted that he should go out at the front door. The husband persisted that he would not, and sat down for a time and finally started for the side door. The plaintiff in error was urging the parties to leave the saloon, as they were attracting attention, and the husband started for the side door, while the complaining witness was attempting to prevent him going out at that door, and insisted on going out at the front door. The plaintiff in error seemed anxious to get them out of the saloon and was following close behind the parties.

The plaintiff in error testifies, in substance, that he was assisting her husband in getting her out at the side door, and that she struck at him a number of times with a piece of wood she had in her hands, but each time struck her husband. She also screamed "murder," and as they neared the door, which had a glass window in it, in some way which does not clearly appear the window was broken and the complaining witness cut her hand on the glass. The plaintiff in error noticing the blood called her attention to it and offered to bandage her hand. In very emphatic language she declined any assistance from him. About this time the wife of the plaintiff in error, who, alarmed by the noise, came rushing up to the saloon in a state of excitement to inquire into the cause of the difficulty. The plaintiff in error thereupon rushed past the complaining witness and her husband in order to calm the fears of his wife, who is shown to have been in a delicate condition, and this, so far as the evidence shows, is the only time that he touched the complaining witness, and it fails to make a case of assault and battery.

It is evident that the complaining witness felt aggrieved because her husband visited saloons and spent money there, and she complained to the plaintiff in error that he had robbed them, evidently referring to the money spent by her husband in the saloon.

An establishment where intoxicating drinks are sold is not a desirable acquisition to any town, city, or village, and particularly is this true if, as in this case, billiard tables are placed in the saloon to induce not only drunkenness but idleness.   It is a sad spectacle also to see a husband or father spending his time around a grog-shop and squandering the means which should be used to support his wife and family, for intoxicating drinks.   It will be gratifying, indeed, when public sentiment has reached that degree of solicitude for the welfare of mankind, as to close such places of resort.   A saloon-keeper, however, has rights, and in a court of justice his business, when not in issue in the case, is not to be considered in its determination.   It is to be feared that the trial court disregarded this rule, both in sustaining the verdict and in imposing a severe sentence.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.